USCA1 Opinion

 

 December 28, 1995 [NOT FOR PUBLICATION] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-1793 IN RE: BORLAND INTERNATIONAL, INC., Petitioner, _____________________ No. 95-1885 LOTUS DEVELOPMENT, Plaintiff, Appellee,, v. BORLAND INTERNATIONAL, INC., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS CONSOLIDATED WITH PETITION FOR WRIT OF MANDAMUS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Steven Brower with whom Joel D. Covelman, Ginsburg, Stephan, ______________ _________________ ___________________ Oringher & Richman, Peter E. Gelhaar, Katherine L. Parks, and ____________________ __________________ ____________________ Donnelly, Conroy & Gelhaar were on brief for appellant/petitioner. __________________________ Henry B. Gutman with whom Kerry L. Konrad, Jeffrey E. Ostrow, ________________ ________________ __________________ Lori E. Lesser, Baker & Botts, L.L.P., Thomas M. Lemberg and Hale and _______________ _____________________ _________________ ________ Dorr were on brief for appellee/respondent. ____ _____________________ _____________________ STAHL, Circuit Judge. Although the pitched STAHL, Circuit Judge. ______________ software copyright battle between Lotus Development Corp. ("Lotus") and Borland International, Inc. ("Borland") is now before the Supreme Court, Borland seeks to reverse two district court orders, either by appeal or by mandamus. We defer our decision on the appeal for prudential reasons, and deny the petition for a writ of mandamus.  I. I. __ BACKGROUND BACKGROUND __________ Lotus has waged a protracted litigation against Borland, alleging that Borland infringed Lotus's copyright in "Lotus 1-2-3", a popular and extremely successful computer spreadsheet program. See Lotus Dev. Corp. v. Borland Int'l, ___ ________________ _______________ Inc., 49 F.3d 807, 809 (1st Cir. 1995) (citing four district ____ court decisions in this case). In 1993, the United States District Court for the District of Massachusetts ruled that Borland had copied Lotus 1-2-3's menu command hierarchy;1 accordingly, the court entered a permanent injunction against Borland. Lotus Dev. Corp. v. Borland Int'l, Inc., 831 F. _________________ ____________________ Supp. 223, 245 (D. Mass. 1993).  ____________________ 1. The menu command hierarchy is the 1-2-3 program's system of operating commands (e.g., "Open"; "Save"; "Delete") that are arranged in a linked hierarchy of command menus and submenus. Each menu is a list of commands displayed on- screen. The user selects a command by highlighting it on the menu or typing its first letter. -2- 2 Borland appealed the infringement ruling and the injunction. By the time of that appeal, the district court proceedings had narrowed the copyright claim to Borland's alleged infringement of the menu command hierarchy. Lotus did not contend on appeal that the district court erred in finding that Borland had not copied any other elements of Lotus 1-2-3. In March 1995, this court ruled that the menu command hierarchy of Lotus 1-2-3 was a "method of operation" not protectible by copyright, as provided in 17 U.S.C.  102(b), reversing the judgment of the district court. Lotus _____ Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807 (1st Cir. ___________ ____________________ 1995). Lotus filed a petition for certiorari with the United States Supreme Court. While the certiorari petition was pending, Borland filed a motion in the district court seeking the entry of final judgment in its favor, arguing that our opinion had rejected the only remaining basis for Lotus's case. Lotus countered with a motion to stay all further proceedings until the Supreme Court either denied certiorari or ruled on the merits of the appeal. The district court denied Borland's motion to enter judgment and granted the stay that Lotus requested, noting in the margin that "the pendency of the petition for writ of certiorari, which raises issues sufficiently meritorious to permit further judicial review[,] coupled with the absence of any -3- 3 cognizable harm to the defendant during the pendency of certiorari proceedings[,] counsels against further -- potentially unnecessary -- proceedings in this court until the petition is resolved." Borland now appeals the district court's refusal to enter final judgment and its grant of a stay until the Supreme Court decided Lotus's appeal. Apparently recognizing that this court might find these to be non-appealable interlocutory orders, Borland seeks in the alternative a writ of mandamus directing the district court to enter judgment and to dissolve its stay order. While this appeal and petition were pending, the Supreme Court granted certiorari, Lotus Dev. Corp. v. Borland Int'l, Inc., 116 S. Ct. 39 (Sept. ________________ ___________________ 27, 1995), and scheduled arguments for January 1996. II. II. ___ BORLAND'S APPEAL BORLAND'S APPEAL ________________ Borland appeals the district court's orders denying Borland's motion to enter judgment and granting Lotus's motion for a stay of proceedings. We have significant doubts as to our jurisdiction because the orders appealed from appear to be neither "final decisions" reviewable under 28 U.S.C. 1291 nor appealable interlocutory orders under the "collateral order" doctrine of Cohen v. Beneficial Indus. _____ __________________ Loan Corp, 337 U.S. 541 (1949). Our jurisdictional doubts _________ notwithstanding, we believe the wisest course at this -4- 4 juncture is to defer our decision on the jurisdictional questions and the merits until the Supreme Court announces its decision in this case. See, e.g., Glater v. Eli Lilly & ___ ____ ______ ___________ Co., 744 F.2d 213, 214 (1st Cir. 1984) (decision deferred ___ until Supreme Court decides key issue in another case). We recognize that this appeal will almost certainly become moot when the Supreme Court rules, but that fact counsels against, not for, our deciding the appeal now. Thus, we defer decision on this appeal until the Supreme Court announces its decision in this case. III. III. ____ BORLAND'S PETITION FOR WRIT OF MANDAMUS BORLAND'S PETITION FOR WRIT OF MANDAMUS _______________________________________ Federal appellate courts are empowered to issue prerogative writs that are "necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. 1651(a), but that power must be used stintingly and brought to bear only in extraordinary situations. Doughty v. Underwriters at _______ ________________ Lloyd's, London, 6 F.3d 856, 865 (1st Cir. 1993). The ________________ standards for issuance of the writ of mandamus are high: a petitioner must show both that the challenged order is palpably erroneous and that he faces some special risk of irreparable harm. In re Cargill, Inc., 66 F.3d 1256, 1260 ____________________ (1st Cir. 1995); United States v. Horn, 29 F.3d 754, 769 (1st _____________ ____ Cir. 1993); Doughty, 6 F.3d at 865. And, even these showings _______ do not necessarily require a court's use of the writ of -5- 5 mandamus, which, as an exceptional remedy, is to be granted only in the exercise of sound discretion. Cargill, 66 F.3d _______ at 1260. This petition does not present the combination of palpable error and irreparable harm necessary to justify mandamus. As to the district court's refusal to enter judgment for Borland, we note that our mandate directed only that the judgment for Lotus be reversed. The district court complied by vacating the injunction. We did not direct the entry of judgment for Borland; although that result might be expected to follow in due course, this is not a situation where the court below has ignored our clear mandate. As to the stay, it would be a poor use of judicial resources to conduct further proceedings in the district court at this time, given that the Supreme Court is about to hear Lotus's appeal. Whatever Borland's concern about interest on an attorney fee award, the decision when to enter judgment in a case where the Supreme Court has agreed to review the appeals court's own decision is obviously not a candidate for mandamus. IV. IV. ___ CONCLUSION CONCLUSION __________ For the foregoing reasons, we defer our decision in Borland's appeal, No. 95-1885, and we deny Borland's petition for a writ of mandamus, No. 95-1793. -6- 6 Petition for writ of mandamus denied. No costs to Petition for writ of mandamus denied. No costs to _____________________________________ ___________ either party. either party. _____________ -7- 7